**Julio Cesar ROJAS, Appellant,**

**Ernesto Velasco, aka Columbia, Rolando Ramirez, aka Cuba, Defendants,**

v.

**UNITED STATES of America, Appellee.**

No. 1362, Docket 94–1530.

United States Court of Appeals, Second Circuit.

Argued May 3, 1995.

Decided May 15, 1995.

Bruce A. Smirti, New York City, for appellant.

Douglas M. Lankler, Asst. U.S. Atty., New York City (Mary Jo White, U.S. Atty. S.D.N.Y., John M. Desmarais, Paul G. Gardephe, Asst. U.S. Attys., New York City, of counsel), for appellee.

Before: OAKES, MINER, and JACOBS, Circuit Judges.

## PER CURIAM:

Appellant Julio Cesar Rojas appeals from a judgment of the United States District Court for the Southern District of New York (Duffy, J.), after a bench trial, convicting appellant of criminal contempt, in violation of 18 U.S.C. § 401(3), and sentencing him to a three-month term of imprisonment.

The contempt proceedings against Rojas, a licensed attorney, arose from Rojas' representation of Rolando Ramirez, one of the 15 defendants in *United States v. Velasco,* 94 Cr. 166. At a pre-trial conference held on June 6, 1994, at which Rojas appeared on Ramirez' behalf, Judge Duffy set a trial date of June 27, 1994. Later that day, the court was advised of a possible conflict of interest arising from Rojas' representation, in another proceeding, of a co-defendant of Ramirez. Accordingly, a *Curcio* hearing was scheduled for June 23, 1994. Rojas was informed of the hearing date by overnight letter mailed on June 21, 1994. The letter also advised Rojas that numerous unsuccessful attempts had been made to contact him by telephone and through his pager.

Rojas did not appear for the June 23rd hearing. The district court adjourned the hearing until June 27, 1994, the previously scheduled trial date. Rojas also failed to appear on that date. The court adjourned the trial until July 5, 1994. Pursuant to the court's instructions, the government sent an overnight letter to Rojas advising him that a warrant would be issued for his arrest should he fail to appear on July 5th. Rojas failed to appear for trial as directed, and Judge Duffy issued a warrant on July 5, 1994 for Rojas' arrest.

On July 11, 1994, United States Marshals found Rojas in the New York State courthouse and arrested him. At the time of his arrest, Rojas had a date book in his possession. An entry for the date of June 27, 1994 clearly indicated that Ramirez' trial before Judge Duffy was to commence on that date. Two days after his arrest, Rojas appeared before the district court. Judge Duffy relieved Rojas as counsel for Ramirez and set a hearing date of July 20, 1994 on the criminal contempt charges lodged against Rojas.

At the contempt hearing, Rojas conceded that he had not been present for the scheduled court dates, but attempted to demonstrate that his absences had not been willful. Rojas explained that he had not received the government's letters advising him of the June 23rd and July 5th court dates. However, he admitted that his wife, who served as his secretary, had informed him that he had received mail. He conceded that he had made no effort to determine the contents of the correspondence.

With respect to the June 27th trial date, Rojas maintained that he had misread the date-book entry as indicating a "mere" calendar call. He also introduced evidence that he had been participating in a state trial on June 27th, and when he brought his federal obligation to the attention of the state court judge, he was advised that he could not be released from his state-court engagement. Rojas did not, however, contact Judge Duffy, although he claimed that he asked his wife/secretary to reschedule the June 27th appearance before Judge Duffy.

At the conclusion of the hearing, Judge Duffy found that Rojas had acted in reckless disregard of his responsibilities as an attorney and in willful contempt of the court's scheduling order. After several delays caused by Rojas' failure to appear for interviews with the Probation Office, the district court sentenced Rojas to a three-month term of imprisonment.

■ Rojas contends that the district court erred in concluding that his failure to obey the court's scheduling orders was willful. Pursuant to 18 U.S.C. § 401(3), a federal court has the power to punish, by fine or imprisonment, a person who "willfully violate[s] the specific and definite terms of a court order." *United States v. Twentieth Century Fox Film Corp.*, 882 F.2d 656, 659 (2d Cir.1989), *cert. denied*, 493 U.S. 1021, 110 S.Ct. 722, 107 L.Ed.2d 741 (1990). The willfulness element of the offense requires proof of "a volitional act done by one who knows or should reasonably be aware that his conduct is wrongful," *United States v. Greyhound Corp.*, 508 F.2d 529, 531–32 (7th Cir.1974) (internal quotation omitted), but willfulness "may be inferred if a lawyer's conduct dis-

closes a reckless disregard for his professional duty," *In re Levine*, 27 F.3d 594, 596 (D.C.Cir.1994) (internal quotation omitted), *cert. denied*, 115 S.Ct. 1356 (1995). In cases where the district court imposes a sanction of imprisonment of less than six months, the district judge may serve as the fact finder, *Twentieth Century*, 882 F.2d at 661–62, and we review the judge's factual determinations for clear error.

■ On appeal, Rojas relies heavily on the fact that he was engaged in state court on the June 23rd and June 27th dates. Rojas notes that under an agreement between the state and federal courts, the federal proceeding would have had to wait for the conclusion of the state proceeding, regardless of whether he notified the federal court of his unavailability. This argument is unpersuasive. Regardless of whether Rojas had a valid time conflict, it was incumbent upon him to seek an adjournment from Judge Duffy if he was unable to make his scheduled appearances in federal court. *See United States v. Onu*, 730 F.2d 253, 257 (5th Cir.), *cert. denied*, 469 U.S. 856, 105 S.Ct. 182, 83 L.Ed.2d 116 (1984).

Rojas also relies on his "credibl[e] testi[mony]" concerning his belief that the notation in the date book for June 27th was for a conference, rather than a trial. This argument is equally unavailing. Even if the June 27th date was for a conference with the court, Rojas still was obliged to attend that conference or make other arrangements with the court. Moreover, as the trier of fact, Judge Duffy had the opportunity to gauge Rojas' credibility firsthand, and he evidently did not find Rojas' explanation to be credible. We must give great deference to that determination on appeal. We also must defer to the sentence determination of the district court, even though we consider it somewhat harsh under the circumstances. *Cf. United States v. Agajanian*, 852 F.2d 56 (2d Cir. 1988).

Finally, Rojas blames his wife/secretary for failing to contact Judge Duffy regarding Rojas' conflict on June 27th. Given Rojas' failure to read his mail, respond to telephone messages, or answer his pager, Judge Duffy

clearly was entitled to reject Rojas' attempt to shift the blame to another person.

For the foregoing reasons, the judgment of the district court is affirmed.