# Participation in Congressional Hearings During an Appropriations Lapse

Under the Antideficiency Act, an officer or employee of the Department of Justice may participate in a congressional hearing during a lapse in appropriations for the Department if he or she is a Senate-confirmed officer, if appropriated funds are available for his or her participation, if he or she is subpoenaed, or if there exists other express or necessarily implied authorization to participate in the hearing.

November 16, 1995

MEMORANDUM OPINION FOR THE ATTORNEY GENERAL

The Department of Justice has been informed that various congressional committees intend to hold hearings at which Department of Justice officials have been requested to testify, during the period in which the Department lacks appropriations to pay for the services of those officials. You have asked under what circumstances Department officials may participate in these hearings.

The Antideficiency Act ("Act") provides that "[a]n officer or employee of the United States Government or of the District of Columbia government may not . . . involve either government in a contract or obligation for the payment of money before an appropriation is made unless authorized by law." 31 U.S.C. § 1341(a)(1)(B). In addition, the Act establishes that "[a]n officer or employee of the United States Government . . . may not accept voluntary services . . . or employ personal services exceeding that authorized by law except for emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. These provisions are enforceable by criminal sanctions and their requirements must be observed. All federal officers and employees must comply with the law, whether they serve in the executive, legislative, or judicial branch. Where the Act applies, it restricts the functions that federal officers and employees may perform during an appropriations lapse to only those functions that are encompassed by one of the exceptions to the Act's general prohibitions. The question thus becomes under what conditions, if any, does participation in congressional hearings constitute an excepted function for employees subject to the Act's restrictions.

Before addressing those exceptions, we note that the Act is not implicated at all by the activities of federal employees for whom no obligation in advance of an appropriation is incurred by employing a particular individual, even when appropriations are currently lacking for that individual. A prominent example is provided by those officers who are appointed by the President with the advice and consent of the Senate. These officers are entitled to their salaries by virtue of the office that they hold and without regard to whether they perform any services during the period of appropriations lapse. *See United States v. Grant*, 237

301

F.2d 511 (7th Cir. 1956). Therefore, no federal officer or employee incurs an obligation in advance of appropriations when these officers perform services; instead, this obligation arises by virtue of their status and cannot be obviated by placing them on furlough status.[1]

Where the Act does not apply, as in cases like these, officers and employees may participate in congressional hearings, although the participation of Senate-confirmed officers is subject to the significant limitation that support persons to whom the Act does apply may not assist those officers unless these activities are independently justified under the Act's exceptions. You have indicated that you do not intend to make available Senate-confirmed officials of the Department to participate in congressional hearings unless they have adequate and thorough support to ensure full preparation. This effectively means that the exceptions of the Act define the limits of the Department's ability to comply with requests for testimony. We turn, therefore, to address the scope of those exceptions.

There are two major exceptions to the Act. First, there is an exception for functions that relate to " 'emergencies involving the safety of human life or the protection of property.' " 31 U.S.C. § 1342. The Act states that this phrase "does not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property." *Id.* In the highly unusual event that suspension of the Department's participation in a congressional hearing would imminently threaten the safety of human life or the protection of property, the Department may legally participate in the hearing.

The Act also states that governmental functions that are otherwise authorized to be undertaken despite a lack of appropriations may continue during an appropriations lapse. *See* 31 U.S.C. § 1341(a)(1)(B); *id.* § 1342. In the context of the Department's participation in congressional hearings, there are two types of authority that satisfy this "otherwise authorized" exception: express authorization and necessarily implied authorization. *See Authority for the Continuance of*

---

[1] Similarly, the Act would not forbid a furloughed officer or employee from participating in a congressional hearing if that officer or employee participated in his or her individual capacity. So, for instance, an officer or employee who is nominated for a position that is subject to Senate confirmation may, while on furlough status, participate in his or her own confirmation hearing.

Another analogous situation may arise when a non-Senate confirmed officer or employee reports for work because his or her duties fall within an exception to the Act, but there are intervals during the day when the officer or employee is not engaged in an excepted function. If these intervals are anticipated to be brief, such that the officer or employee could not be dismissed from work and then recalled in time to perform the next excepted function activity, then the employee may remain at work throughout the intervals. During these intervals, officers and employees may perform non-excepted functions, because the need for the officer or employee's availability would justify the Department in keeping the officer or employee in the close vicinity of his or her duty station to await the onset of the excepted function. Consequently, the Department would be obligated to compensate such employees while they are awaiting the excepted function work whether they spend this interval performing the non-excepted function or simply sit idle. During these intervals, then, such officers and employees are akin to Senate-confirmed presidential appointees in that they must be paid for these intervals regardless of whether they perform a non-excepted function, and thus the government incurs no additional obligation by virtue of that work being performed. The non-excepted functions that such officers or employees may perform during these brief intervals between excepted functions include services relating to participation in congressional hearings where participation is not otherwise authorized.

*Government Functions During a Temporary Lapse in Appropriations*, 5 Op. O.L.C. 1, 3–5 (1981).

Officers and employees of the Justice Department may participate in congressional hearings that take place during a lapse in appropriations if there is express legal authority to participate despite a lack of appropriations, or an express requirement to do so. We are not aware of any statute that grants the officers and employees of this Department such authority in the case of general requests for congressional testimony. Express authority would exist, however, if Congress or a committee were to issue a subpoena requiring the Department or specific officials to participate in a hearing during an appropriations lapse. Departmental policies with respect to responsibilities to the judicial system provide a precedent: it has long been the Department's position that, during an appropriations lapse, attorneys representing the government are to comply with a court order that they continue with litigation even though the litigation does not fall within an exception to the Act. *See* Memorandum for William P. Tyson, Director, Executive Office for United States Attorneys, from Robert Shanks, Deputy Assistant Attorney General, Office of Legal Counsel, att. at 2 (Mar. 24, 1982) ("Tyson Memorandum"); *see also Rojas v. United States*, 55 F.3d 61 (2d Cir. 1995) (scheduling order imposes a duty on attorney, nonperformance of which can subject attorney to contempt sanctions under 18 U.S.C. § 401(3)). We would follow the same principles with respect to a congressional order that imposes a legal duty. *See* 2 U.S.C. §§ 192, 194 (imposing legal duty to comply with a duly issued legislative summons or subpoena).

The Department's officers and employees may also participate in a hearing despite an appropriations lapse if authority for such participation arises by necessary implication from another specific statutory duty or duties. *See* 5 Op. O.L.C. at 3–5. In the context of congressional hearings, this exception permits the Department to participate where there is express authority or an express and specific appropriation for the hearing itself, and the Department's participation is necessary for the hearing to be effective, even though there is no specific authority or appropriation available for the Department to participate. This exception also operates where there is express authority for a specific Department official to participate — such as might arise from a subpoena — but no express authority for support or assistance of the witness. The Department would regard support and assistance to the otherwise authorized participation as being justified by necessary implication. This approach follows from the well-settled practice with respect to Social Security. *See* 5 Op. O.L.C. at 5 n.7.

We are not aware of any other exceptions to the Act that would permit the Department to participate in congressional hearings during an appropriations lapse. It has from time to time been suggested that the "authorized by law" exception to the Act includes all activities that derive from or relate to a constitutional power, such as the "legislative power." Such a construction would authorize Con-

gress to continue holding hearings during an appropriations lapse and would allow the Department to participate. Such a construction, however, is impermissible because it would necessarily nullify the Antideficiency Act. The Federal Government is a government of limited and expressly enumerated powers. Those powers are denominated in the Constitution, and the Federal Government may only undertake those activities that are constitutionally authorized. *See United States v. Lopez,* 514 U.S. 549 (1995). Consequently, if all constitutionally authorized functions — legislative, executive, and judicial — were excepted, the Act would not apply to any activity of the Federal Government.

We have also considered whether a decision by Congress to go forward with hearings in which Department officers cannot participate would result in a congressional encroachment upon the President's constitutional authority.[2] We conclude that no encroachment would occur. The Supreme Court has repeatedly pronounced that statutes are to be construed to avoid serious constitutional questions, where such a construction is permissible. *See, e.g., Crowell v. Benson,* 285 U.S. 22, 62 (1932). Attorney General Civiletti recognized in his 1981 opinion that it would "raise grave constitutional questions" if the Act were to be read to prohibit the President from exercising his constitutional powers. 5 Op. O.L.C. at 6. Construing the Act as covering executive branch participation in congressional hearings generally, however, does not raise grave concerns over impermissible congressional encroachment on the Executive's constitutional role.[3] The Constitution grants the President authority to "recommend to [Congress's] Consideration such Measures as he shall judge necessary and expedient." U.S. Const. art. II, § 3. Congress does not encroach upon this power by refusing to include the participation of the President or his subordinates in a regular congressional hearing, however unwise and counterproductive such a decision might be. So long as the President retains a means of making legislative recommendations, Congress generally is not obligated to grant the executive a platform at its hearings.[4]

The Antideficiency Act places a substantial limit on the functioning of federal officers and employees generally, including officers and employees of the Department of Justice. These limits extend to participation in congressional hearings con-

---

[2] We have applied this same analysis in examining the application of the Act to the judicial branch. *See* Tyson Memorandum at 2; *cf. Plaut v. Spendthrift Farm, Inc.,* 514 U.S. 211 (1995) (striking down congressional encroachment on the judicial branch).

[3] This assertion is made with the exceptions to the Act in mind. We believe that any instances where grave concerns might otherwise be raised would fall within the emergency exception or one of the other exceptions to the Act. We also note that the Act does not raise corresponding encroachment concerns when applied to Congress. Whereas the Attorneys General and the courts appropriately remain vigilant against congressional encroachment, there is no "grave constitutional" obstacle that prevents Congress, through the Act, from deciding to curtail — or to postpone until appropriations are available — regular legislative, investigative, or oversight hearings. Moreover, the Act does not prohibit members of Congress by themselves from conducting hearings, because their salaries are paid from permanent appropriations. It is extremely difficult to see how interpreting the Act to preclude Department of Justice officers or employees from participating in those hearings would raise a grave question as to whether Congress has encroached on its own constitutionally-based authority to conduct hearings.

[4] That said, the decision to exclude the President from the deliberations at crucial moments in the legislative process would be relevant in a presidential decision to veto such a bill.

ducted during a period of lapsed appropriations. During such a period, an officer or employee of the Department of Justice may participate in congressional hearings if he or she is a Senate-confirmed officer, if appropriated funds are available for his or her participation, if he or she is subpoenaed, or if the hearing falls within one of the categories set forth above.

WALTER DELLINGER
*Assistant Attorney General*
*Office of Legal Counsel*